In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT E. DINEEN, as Superintendent of Insurance of the State of New York, Petitioner. ST. CECELIA SERVICE CLUB, INC., Respondent.

Supreme Court, Special Term, New York County, January 28, 1949.

*Harold Forstenzer* for respondent.

*Nathaniel L. Goldstein, Attorney-General (Milton Schwartz of counsel),* for petitioner.

HECHT, J. The Superintendent of Insurance seeks an order directing the liquidation of the affairs and business of respondent St. Cecelia Service Club, Inc. It is alleged that the respondent has violated certain provisions of the Insurance Law. The certificate of incorporation indicates that the purpose of respondent is to promote fraternal and social spirit among its members and to provide, solely through voluntary contributions of its members, aid and assistance to them in times of need and distress, and through voluntary contributions in such amounts as the board of directors may determine, relief to their next of kin. The by-laws provide that in case of death there shall be contributed to the member's beneficiary such sum as the board shall direct, but, notwithstanding the designation, the board may pay over to the undertaker the amount of the donation. The " joining " fee is $1 and the monthly dues seventy-five cents.

Section 466 of the Insurance Law provides that a fraternal or benevolent organization, which is not organized primarily for the purpose of providing insurance benefits and which does not have more than 1,000 members, shall be exempt from licensure by the Superintendent of Insurance, except that it is liable to the provisions of section 165 and article XVI of the law.

In 1943, the respondent had more than 1,000 members and was advised by the Insurance Department that in order to escape the necessity of a license it should split its membership into two organizations so as not to have more than 1,000 in each. This was done and two additional groups were formed, called St. Johns Service Club, Inc., and St. Francis Community Club, Inc. These latter clubs are proceeded against by the superintendent in companion motions. The superintendent states that the total membership of the three groups exceeds 1,000 members and that the split-up is solely a device to escape the provisions of the law; that the officers of all three are interlocking, with a common office and joint meetings, and that the assets of each are so small as to render them insolvent under the provisions of the law according

to actuarial requirements. Further, the superintendent points out that compensation is paid to members for obtaining new members, which is a violation of section 466 of the Insurance Law.

There is a conflict in the affidavits as to the social and fraternal activities engaged in by respondent and the petition does not provide sufficient facts to hold that respondent is engaged in an insurance business so as to come within the purview of section 40. The question is whether there is a violation of section 466, exempting from licensure a fraternal organization, and violation of section 165 and article XVI. It is quite obvious from the papers that the three organizations are administered as one group. There is no denial of the charge that joint meetings are held; that the same persons are in charge and administer the affairs of all three groups, and that loans are made from one to another. The advice given by the Insurance Department back in 1943, that respondent could escape the provisions of the law by splitting up its organization, cannot be considered as an estoppel or binding on the department in enforcing the statutory prohibition, which is a matter of public policy to protect the welfare of its citizens. Further, assuming that the three groups are independently run, the superintendent may still exercise supervision and investigation as to the solvency of each group, pursuant to article XVI of the Insurance Law. St. Cecelia has 384 members, with a bank balance of $409.46, St. Johns has 330 members, with a bank balance of $28.97, and St. Francis has 734 members, with a bank balance of $846.88. While the certificate of incorporation refers to voluntary contributions by the members to beneficiaries in amounts fixed by the board of directors, it is clear from a reading of the by-laws that such payments *must* be made, and it is fair to assume that the anticipation of such payments is a reason for joining the club. The reserves are clearly insufficient and warrant the order sought by the superintendent. Finally, section 2(a) of the by-laws is clearly violative of section 165 of the Insurance Law.

Motion granted. Settle order.